IDA PONTERY, EXECUTRIX OF THE ESTATE OF WILLIAM KLEINSCHMIDT, DECEASED, PLAINTIFF-RESPONDENT, v. ADOLF H. PETERS AND LENA PETERS, DEFENDANTS-APPELLANTS.

Submitted October 25, 1935—Decided April 2, 1936.

For the plaintiff-respondent, *Ridley & Flanigan* (*John L. Ridley,* of counsel).

For the defendants-appellants, *William J. Baker* (*Samuel Tartalsky,* of counsel).

The opinion of the court was delivered by

CASE, J.   This is an appeal from a judgment entered upon a directed verdict in favor of the plaintiff for $1,041.92 and from a judgment of nonsuit on defendants' counter-claim.

Plaintiff, as the executrix of the last will of William Kleinschmidt, deceased, found amongst her decedent's papers an admission of indebtedness, in form a long term promissory note, bearing date July 1st, 1933, signed by the defendants, husband and wife; and plaintiff brought this suit thereon. Defendants counter-claimed for board, lodging, workroom and storage space alleged to have been furnished Kleinschmidt over a period of nearly one and one-half years until

he went to the hospital, shortly before his death, fatally stricken. At the trial the defendants were confronted with the fourth section of the Evidence act and were unable to prove, by their own testimony, the alleged arrangement with Kleinschmidt. But there is ample evidence that the decedent, upon the breaking up of his home, about November 1st, 1932, came to live with the Peters', took some of his personal effects to his room for personal use, brought a truck load of other goods and chattels which he stored in another building on the defendants' premises, and thenceforth boarded with the defendants, having his meals at the family table, having the use of a workroom in the basement wherein he followed the business of repairing undertakers' chairs, and in all ways enjoying the comforts and conveniences of home.

It may fairly be gathered from the testimony of Anton Hoch, based partly on his own knowledge and partly on a statement made to him by the decedent, that Peters had maintained a business of raising pigs and had been unfortunate in that he had lost many of the pigs and that Kleinschmidt had loaned him money wherewith to replace his losses and had agreed to "board out" the money thus loaned.

It is true that the approximate date fixed by the witness for the conversation with Kleinschmidt was some weeks before the date written down as that of the making of the note, but there is no evidence of any new borrowing or that there was a debt at any time other than that referred to above. We think that Hoch's testimony was sufficient to go to the jury to the effect that Kleinschmidt was being boarded by the Peters' for a money consideration that was being accumulated and left unpaid so that the same might be charged off ultimately against a debt—this not for the purpose of avoiding payment of the note or of altering the terms of a written instrument, but to establish this contract between Kleinschmidt and the Peters' concerning which the latter, being parties to the suit, could not, because of the provisions of the Evidence act, themselves testify. Thus, in our opinion, a jury question as to the counter-claim was presented. Con-

sequently the nonsuit of the counter-claim and, as an incident, the direction of judgment were error.

The judgment below will be reversed, to the end that a *venire de novo* issue.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, HEHER, PERSKIE, DEAR, WELLS, JJ.   6.

*For reversal*—LLOYD, CASE, BODINE, DONGES, HETFIELD, WOLFSKEIL, RAFFERTY, JJ.   7.